IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA RAY AND BILLY TYLER RAY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RIVERPORT APARTMENTS, LLC, ) <br> a domestic limited liability company, ) <br> SAEED SHAWN AZARRAFIY, as an ) <br> Individual and as Owner of Riverport ) <br> Apartments, LLC, MARIE MULLINS, as ) <br> an individual and as acting landlord. ) <br> ) <br> Defendants. ) | Case No. 19-CV-195-TCK-JFJ |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by plaintiffs Samantha Ray and Billy Tyler Ray. Doc. 29. Defendants Riverport Apartments, LLC, Saeed Shawn Azarrafiy and Marie Mullins object to the motion. Doc. 30.

**I. Background/Status**

On March 11, 2019, Samantha and Billy Tyler Ray sued defendants Riverport Apartments, LLC ("Riverport"), Saeed Shawn Azarrafiy ("Azarrafiy"), and Marie Mullins ("Mullins") in Rogers County, Oklahoma District Court. Doc. 2-2. In their lawsuit, they asserted the following claims related to an apartment they rented from Riverport:

- violation of the Oklahoma Residential Landlord & Tenant Act ("ORLTA")
- the Fair Housing Act ("FHA")
- breach or rescission of contract
- negligence.

*Id.*

1

On April 10, 2019, Defendants Riverport and Mullins removed the case to this Court based on 28 U.S.C. §1331 (federal question jurisdiction as to the FHA claim).  Doc. 2.  Subsequently, Riverport, Mullins and Azarrafiy filed Motions to Dismiss Samantha Ray's claims pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that she was not a party to the apartment rental agreement. Docs. 11-12, 22.

On April 1, 2020, Plaintiffs filed the pending Motion to Dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Doc. 29.  In their motion, they state that in the course of investigating their claims, numerous other tenants came forward to make similar claims against the named defendants, and ultimately 12 other plaintiffs filed suit in Rogers County District Court, Case No. CJ-2019-459.  *Id.* at 1-2. Plaintiffs assert that Defendants will have suffered no prejudice from the dismissal; the Plaintiffs have not caused any delay or shown a lack of diligence in the prosecution of their claims; and discovery has commenced in the Rogers County case.  *Id.* at 2-5.

Defendants object to Plaintiffs' motion, arguing that the Court should rule on their pending Motions to Dismiss with prejudice before considering Plaintiffs' Motion to Dismiss without prejudice.  Doc. 30.

**II. Applicable Law**

Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order if they do so before an answer or motion for summary judgment has been filed or if all parties stipulate to the dismissal.  Fed. R. Civ. P.  41(a)(1).  If neither of those conditions are met, dismissal is permitted only "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Court approval is required to "prevent voluntary dismissals which unfairly affect the other side." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). Granting a voluntary dismissal is within the court's discretion.

*See id.* (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

Here, Defendant Riverportfiled an answer in the case on April 17, 2019. Doc. 10. Accordingly, Rule 41(a)(2) applies, and court approval of the proposed dismissal is required.

Voluntary dismissals under Rule 41(a)(2) should normally be granted, provided there is no legal prejudice to defendants. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." *Brown*, 413 F.3d at 1124 (citing *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412). Nor does prejudice arise because of "the possibility that plaintiffs may gain a tactical advantage by refiling in state court." *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412.

The Court must examine the following four factors in determining legal prejudice: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1137 (citing *Phillips U.S.A., Inc.*, 77 F.3d at 358). Not all factors need be resolved in favor of either party for dismissal or denial of the motion to be appropriate. *Id*. To ensure that "substantial justice is accorded to both parties," the Court must consider the "equities not only facing the defendant, but also those facing the plaintiff." *Brown*, 413 F.3d at 1124. In determining legal prejudice, only factors involving the parties are relevant, not the court's time or effort. *Ohlander*, 114 F.3d at 1137.

### III. Analysis

#### A. Opposing Party's Effort and Expense

Defendants contend that they expended "considerable expense and resources" to prepare and file their Motions to Dismiss with Prejudice in this case. However, no scheduling order has been entered, defendant Azarrafiy has not filed an answer, and it appears that no discovery has been conducted to date. Defendants will still be free to pursue dismissal of Plaintiffs' claims in state court. Moreover, plaintiffs in the Rogers County case have dropped the federal FHA claim, and Plaintiffs in this case represent they will do so as well. This factor weighs in favor of dismissal without prejudice.

#### B. Excessive Delay and/or Lack of Diligence

Regarding the second factor, Plaintiffs contend—and Defendants do not contest—that they have not delayed or lacked diligence, have responded promptly to Defendants' filings, and filed their Motion to Dismiss in this Court less than one month after a scheduling order was entered in the Rogers County case. Doc. 29; CJ-2019-459 in Rogers County. They assert that, in contrast, Defendants have "dodged Plaintiff's process server, refused to cooperate in discovery in the Rogers County case, and refused to turn over insurance information until Plaintiff's counsel pointed out this Court's local rule requiring it." Doc. 29. The second factor weighs in favor of Plaintiffs' request for dismissal without prejudice.

#### C. Explanation of Need for Dismissal

The third factor focuses on whether the plaintiffs have presented a sufficient explanation for the need for dismissal. Plaintiffs contend the dismissal will serve judicial economy by allowing this case and the Rogers County case to be tried together, as the cases involve the same defendants and similar conduct, facts, and damages. Plaintiffs also claim that settlement will be impossible if

4

these two cases remain separated, because any settlement would have to be consented to by all plaintiffs in separate actions, which would require a settlement conference or mediation that includes all parties. The Court concludes that the third factor weighs in Plaintiffs' favor.

### D.  Present Stage of Litigation

Finally, the fourth factor—the present stage of litigation—favors Plaintiffs' motion for dismissal without prejudice.  This case is in the early stages.  To date, no scheduling order has been entered, nor has any discovery taken place.  And while Defendants have filed dispositive motions with respect to Plaintiffs' other claims, those motions can still be pursued in the Rogers County case.

### IV. Conclusion

Having determined that the four factors identified in *Ohlander* favor Plaintiffs' position, the Court hereby grants the Motion to Dismiss.  Doc. 29.  This case is dismissed without prejudice.

ENTERED this 12th day of August, 2020.

TERENCE C. KERN
United States District Judge